UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEVEN JON WILCOX,

                Petitioner,                                Case No. 1:25-cv-13495

v.                                         Honorable Thomas L. Ludington
                                              United States District Judge

NOAH NAGY,

                Respondent.

_____/

**OPINION AND ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DENYING A CERTIFICATE OF APPEALABILITY, DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL, AND DENYING MOTION FOR IMMEDIATE CONSIDERATION AS MOOT**

After having his parole revoked in August 2022, Petitioner Steven Jon Wilcox filed a *pro se* petition for writ of habeas corpus on October 31, 2025. He also moved for the immediate consideration of his Petition. But Petitioner has not exhausted his administrative remedies. So his Petition will be dismissed without prejudice, and his Motion for Immediate Consideration will be denied as moot.

**I.**

In 2018, Petitioner Steven Jon Wilcox entered a guilty plea in the Oakland County Circuit Court to three counts of larceny by conversion involving property valued at $20,000 or more under MICH. COMP. LAWS § 750.362. ECF No. 7 at PageID.101. Several years later, in August 2025, Petitioner again pleaded guilty—this time to two parole violations, fleeing from police and resisting arrest. *Id*. at PageID.111. Petitioner's parole was thus revoked. *See* ECF No. 1 at PageID.1.

Petitioner now turns to federal court seeking habeas relief. He advances two claims: first, that fraud induced him to waive his parole revocation hearing; and second, that the revocation lacked evidentiary support because no parole violation occurred. ECF No. 7 at PageID.78. He also moves for immediate consideration of the Petition. ECF No. 8.

**II.**

After a petition for writ of habeas corpus is filed, the court must undertake preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); Rule 4, Rules Governing § 2254 Cases.

A state prisoner seeking federal habeas relief must exhaust available state court remedies before raising a claim in federal court. *Winburn v. Nagy*, 956 F.3d 909, 913 (6th Cir. 2020). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See Baldwin v. Reese*, 541 U.S. 27, 29–32 (2004). Exhaustion also requires that the petitioner invoke "one full round" of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The petitioner bears the burden of proving exhaustion. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012).

In Michigan, a state prisoner may seek review of a parole revocation decision by filing a state complaint for a writ of habeas corpus. *Triplett v. Deputy Warden*, 142 Mich. App. 774, 779 (1985) (citing *In re Casella*, 313 Mich. 393 (1946)). If the circuit court denies the state habeas petition, the petitioner may appeal the denial to the Michigan Court of Appeals. *Jefferson v.*

- 2 -

*Michigan Reformatory Warden*, No. 341955, 2018 WL 5276245, at *1, n.1 (Mich. Ct. App. Oct. 18, 2018). A prisoner who is unsuccessful in the Michigan Court of Appeals may apply for leave to appeal in the Michigan Supreme Court. *See* Mich. Ct. R. 7.303(B)(1).

Here, it is apparent from Petitioner's filings and public state court record that Petitioner filed a state court complaint for the writ of habeas corpus challenging his parole revocation proceedings in October of 2025. *See* ECF No. 7 at PageID.83. The state court complaint remains pending in the Jackson County Circuit Court. *See Wilcox v. Nagy*, 2025-0000002679-AH, https://perma.cc/6FAK-NK2R (last accessed Jan. 23, 2026). Thus, he has not exhausted his state remedies.

Because Petitioner has not exhausted his state court remedies, the Petition, ECF No. 1, will be dismissed without prejudice, and Petitioner's Motion for Immediate Consideration, ECF No. 8, will be denied as moot.

**III.**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation and quoting citation omitted).

Here, reasonable jurists would not debate this Court's conclusion that Petitioner is not entitled to habeas relief. Thus, a COA will be denied. Petitioner will also be denied leave to

appeal *in forma pauperis* because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IV.**

Accordingly, it is **ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED WITHOUT PREJUDICE.**

Further, it is **ORDERED** that the Motion for Immediate Consideration, ECF No. 8, is **DENIED AS MOOT.**

Further, it is **ORDERED** that a certificate of appealability is **DENIED.**

Further, it is **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

**This is a final order and closes this case**.

Dated: February 13, 2026                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge